**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| | **NO.  21-261** |
| **v.** | |
| | |
| **BEHZAD SABAGH** | |
| *(Pretrial Release)* | |

### <u>MEMORANDUM OPINION</u>

The details of this matter are set forth in the Court's opinion and order denying

Defendant's Motion to Dismiss the Indictment (ECF Nos. 26 & 27) and shall not be repeated

here.  As relevant now, the Defendant Behzad Sabagh is charged with nine counts of retaliation

against a witness, the witness being one Gregory Guzman, in violation of 18 U.S.C. § 1513(b)(2)

and one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(2)(D).  Before the

Court is the Government's Motion to Admit Intrinsic and Rule 404(b) Evidence, which the

Defendant opposes only in part.

Specifically, Defendant does not oppose the admission of the following: (a) Guzman's

testimony regarding his cooperation pursuant to his plea agreement; (b) a Certified copy of the

Indictment in *United States v. Sabagh*, CR No. 18-226; (c) a Certified copy of Judgment in CR

No. 18-226 (ECF No. 58); and, (d) the Bureau of Prison's Inmate History for Defendant.

He does, however, challenge the admissibility of:  (a) a Certified copy of the

Government's Plea Memorandum filed in CR No. 18-226 (ECF No. 47); (b) a Certified copy of

the transcript of the April 5, 2019, Change of Plea Hearing, in CR No. 18-226 (ECF No. 49); (c)

his Presentence Investigation Report ("PSR") in his prior criminal case, CR No. 18-226, dated

August 8, 2019; and, (d) a Certified copy of the transcript of the August 19, 2019, Sentencing

Hearing, in CR No. 18-226 (ECF No. 65).  The Government argues that all of these documents

1

are admissible as intrinsic evidence because they directly prove an element of the offense of retaliating against a co-operating witness.  It argues further that they are admissible under Federal Rule of Evidence 404(b)[1] to prove knowledge, intent, motive and opportunity.

## 1.  INTRINSIC EVIDENCE

"Intrinsic evidence" is a concept that is difficult to articulate, but the concept itself finds its roots in early common law and the equally inarticulable concept of "res gestae."  *See United States v. Green*, 617 F.3d 233, 239-245 (3d Cir. 2010).  In short, the modern (and ancient) rules of evidence bar the use of evidence of crimes not charged in the case at hand solely to prove criminal propensity.  *Id.* at 240, 244.  Nevertheless, evidence of an uncharged crime is admissible as "intrinsic" if that crime is "part and parcel of the charged offense."  *Id.* at 245.  In the Third Circuit, evidence is admissible as "intrinsic" to the charged crime when it directly proves the charged offense so it is not really evidence of some *other* offense.  *Id.* at 248-49.

The Government argues that the challenged evidence is admissible because it is direct evidence that goes to prove the element of the Section 1513(b)(2) charge requiring that Sabagh acted with specific intent to retaliate against Guzman for providing information to law enforcement relating to the commission or possible commission of a Federal offense is met.  Mod. Crim. Jury Instr. 3d Cir. 6.18.1513B (2021).

The Plea memorandum, the transcripts of the plea and sentencing hearings, and the PSR report all could show that Sabagh *knew* of Guzman's involvement in securing his prior criminal conviction.  Sabagh testified at the hearings that he had discussed the reports, which detailed Guzman's cooperation, and had no objection to them.  Together, this evidence shows that he

---

[1] The Government on occasion in its brief cites to Federal Rule of Criminal Procedure 404(b).  But there being no such rule, and the arguments being made are under the rubric of Federal Rule of Evidence 404(b), the Court will treat the citations as a scrivener's error.

knew of Guzman's participation, which is necessary for a conviction under 18 U.S.C. 1513(b)(2) because he would have needed to know that Guzman was involved in the case for him to have a specific intent to retaliate against him.  With respect to Defendant's hearsay arguments regarding the PSR, this evidence is not offered for the truth of the matter, but to show Defendant's state of mind (*i.e.,* that he knew of the PSR's contents).  *See, e.g.*, *United States v. Greenspan*, 923 F.3d 138, 148 (3d Cir. 2019).

## 2.  RULE 404(b)

Rule 404(b) of the Federal Rule of Evidence provides that while "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" it may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[2]  Fed. R. Evid. 404(b).  To be admitted under Rule 404(b), evidence of a prior crime: (1) must be offered for a proper purpose such that it is "probative of a material issue other than character", *Green*, 617 F.3d at 250; (2) must be relevant in that "it has any tendency to make a fact more or less probable," Fed. R. Evid. 401; and, (3) its probative value must not be "substantially outweighed by a danger of . . . unfair prejudice. . . ." Fed. R. Evid. 403.  *See Green*, 617 F.3d at 249; *Huddleston v. United States*, 485 U.S. 681, 691 (1988).

Beginning with the first stage of the analysis, the Government argues that the challenged evidence speaks to Defendant's "knowledge, intent, [and] motive."[3]  These are all proper

---

[2] The Rule also requires that "[i]n a criminal case, the prosecutor must: . . . provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; . . . articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and . . . do so in writing before trial. . . ."  Fed. R. Evid. 404(b).  The arguments made by the government in its Motion satisfy this notice requirement of the Rule.

[3] The Government also argues that the challenged evidence is admissible for purposes of serving as "background

purposes under Rule 404(b).  *See* Fed. R. Evid. 404(b) (listing knowledge, intent and motive as grounds for admission).  As explained previously, this evidence is admissible proof of Defendant's knowledge of Guzman's assistance towards securing Defendant's prior conviction as the Plea Agreement and the PSR detail Guzman's cooperation, and the transcripts confirm that Defendant reviewed the contents of these documents.  This knowledge, paired with Defendant's text messages to Guzman, may provide the jury with grounds to infer that Defendant intended to retaliate against Guzman for his cooperation.

This evidence can also serve as admissible proof of Defendant's motive.  "Motive is something that leads one to act."  *Green*, 617 F.3d at 250 (alteration omitted) (citing *Black's Law Dictionary* (8th ed. 2004)).  Defendant's knowledge that Guzman was the source of much of the Government's evidence for his prior conviction is also admissible proof of Defendant's motive to send the text messages that form the basis of the instant charges under 18 U.S.C. §§ 1513(b)(2), 1512(b)(2)(D).

Next, as explained previously, the challenged evidence is also relevant to the Government's case against Defendant.  Evidence is relevant "if it has any tendency to make the existence of any fact that is of consequent to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  This definition is "very broad."  *Green*, 617 F.3d at 251.  Establishing that Defendant knew of Guzman's work as an informant in his prior case bears on the question of whether Defendant had a specific intent to retaliate against him—a requisite element of the crime of retaliation against a witness.  *See* 18

---

information that completes the story of the crimes charged."  The Third Circuit has recognized that background information to the fact finder is a proper purpose for admissibility under Rule 404(b).  *Green*, 617 F.3d at 250. The Government, however, has failed to articulate how the PSR, the Plea Agreement or either transcript completes the story of Defendant's instant crime, other than that they establish that he knew of Guzman's assistance towards securing his conviction.  Because knowledge is its own basis for admission under Rule 404(b), the question of whether these documents provide some other relevant background information is not considered.

U.S.C. § 1513(b)(2); Mod. Crim. Jury Instr. 3d Cir. 6.18.1513B (2021).

The challenged evidence also passes muster under Rule 403's balancing test. Rule 403 provides that evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice. . . ." Fed. R. Evid. 403. To be clear, the rule protects only against the danger of "*unfair* prejudice, not just prejudice." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009). That is because "[v]irtually all evidence is prejudicial or it isn't material." *See Carter v. Hewitt*, 617 F.2d 961, 972 n.14 (3d Cir. 1980) (internal quotation omitted). Therefore, a rule that excluded evidence on grounds that it was merely prejudicial to one party would exclude almost all evidence. Unfair prejudice is "prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found." *Starnes*, 583 F.3d at 215 (quoting *Goodman v. Pa. Tpk. Comm'n*, 293 F.2d 655, 670 (3d Cir. 2002)).

Defendant does not identify any reason why the challenged evidence would be unfairly prejudicial. Rather, he argues only that any determination on this issue is "totally premature." Defendant's argument is not persuasive as he does not offer any citation to legal authority or other support to back up his point. In the event that a danger of unfair prejudice materializes, it can be cured through a limiting instruction to the jury. *See, e.g.*, *Green*, 617 F.3d at 252.

For the reasons set forth above, the Government's Motion shall be granted.

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*

_____

**WENDY BEETLESTONE, J.**